## FORM OF COUNTY COMMISSIONERS' ANNUAL REPORT.

Circuit Court of Pike County.

STATE, EX REL THE NEWS PUBLISHING COMPANY, v. THE BOARD
OF COUNTY COMMISSIONERS OF PIKE COUNTY, OHIO;
AND STATE, EX REL J. W. JOHNSON, v. SAME.

Decided, January, 1908.

*County Commissioners—Annual Reports of—Construction of the Phrase
"Itemized as to Amount"—Turnpike Directors' Reports—Mandamus
—Sections 917 and 4898.*

The provision of Section 917, as amended, requiring county commissioners to file an annual report "itemized as to amount," does not necessitate the statement of expenditures with the explicitness of an account, but permits the entering of itemized bills as one transaction, and payments to the same person for a single purpose as one item without separation of dates and amounts.

Relators filed their separate petitions in the Circuit Court of Pike County, Ohio, alleging that the board of commissioners of Pike county had failed and refused to file a detailed report of their financial transactions for the year ending August 31, 1907, itemized as to amount, for what purpose and to whom paid, as they are required to do by statute; that the report already filed by them was so condensed as to defeat the object of the statute requiring such report.

The commissioners answered, setting up four defenses, viz.:

1. That relators had no legal capacity to sue, not being officers, but private individuals.

2. That there was a defect of parties defendant, because the board of turnpike directors were not made parties defendant.

3. A denial of the material allegations of the petitions, consisting of legal conclusions merely.

4. Alleging that they had already fully complied with the law, and had filed the required report, and that in making same

they had followed the form prescribed by the bureau of inspection and supervision of public offices.

To this answer was attached a copy of the report of said commissioners; also a copy of their report as turnpike directors; also a copy of the form prescribed by said bureau of inspection, July 25, 1905.

The case was heard upon demurrer to this answer.

JONES, J.; CHERRINGTON, J., concurs; WALTERS, J., dissents in part in a separate opinion.

The relator seeks a peremtory writ of mandamus to compel the defendant to publish a fuller and more complete report of their financial transactions during the year preceding the third Monday of September, 1907. He states that he is the owner and publisher of a newspaper, and by proper allegations in his petition, establishes his right to publish the report in question.

Defendants answer, the answer containing four defenses. The fourth defense attaches a copy of the report to the pleading.

Without stating specific reasons therefor, the court will content itself by saying that the demurrer to the first, second and third defenses respectively, is sustained.

The fourth defense, having the copy of the report attached, however, is considered upon its merits, the sole question being whether the commissioners have complied with the law in publishing their report.

Objections have been urged by counsel for the relator, because the report has grouped under various heads and sub-heads the amounts, thereby showing for what purpose they were expended. We think that, by this means, the report is a substantial compliance with the statute, and that a reference to such heads and sub-heads will sufficiently show the purpose of the several expenditures. Especial objection is made, for instance, to the items under the sub-heads "allowance to counsel" and "allowance to justices and mayors," etc. The item "allowance" so used, is information to the effect that they were statutory allowances, and more specific terms were not absolutely necessary. Other items appear showing various amounts were paid out

under the head of "insurance." We do not think it necessary that the report show upon what property the insurance was effected; neither under the head "boarding in county jail," do we think it necessary to state explicitly what prisoners were fed. In such and other similar items the report shows substantially the purpose of the expenditures, and that is all the statute requires.

Upon the question, however, of what constitutes "a detailed report in writing, itemized as to amount, to whom paid, and for what purpose," the members of this court are not in full accord. It is contended by counsel for relator that, under a proper construction of Section 917, Revised Statutes, that the amounts shown to have been paid out must be itemized and that instead of the aggregate sum allowed and paid out, the report should show upon its face the several distinct items composing the aggregate sum. For example under the heading of "stationery and supplies for county officers," various expenditures appear showing an aggregate sum paid out to Barrett Bros., for the use of the probate judge, and others paid out for the use of the other county officials. It is insisted that the report show the various items of stationery and supplies; that the statute now requires this to be done with the explicitness of an account. This is but one instance of the character of the report. An inspection of the report shows, that if these aggregate sums found throughout were so itemized, the report would be greatly lengthened.

The majority of the court are unable to concur in this view. Neither does the strict reading of Section 917, Revised Statutes, nor a proper construction of that section require the minute itemizing of each bill passed on, allowed and paid out, when paid to a single person. In the first place Section 917 merely requires a report of the *"financial transactions"* of the commissioners. Section 850, Revised Statutes, provides for the keeping of a record by the county commissioners of their proceedings, which record shall be received as evidence in every court in the state. By that section the "financial transactions" mentioned in Section 917, are entered on that journal. And in

the instance mentioned, where the board audits the itemized bill of Barrett Bros., for stationery and supplies furnished the probate judge, and allows the bill in the aggregate, the act is but one "transaction," and the allowance of the aggregate sum is all that is necessary to be placed on its journal.

Again, the strict reading of Section 917, Revised Statutes, does not require the *amount* to be itemized if paid to a single person.    The word "itemized" modifies the word "report," just preceding.    The statute requires the report to be itemized in three particulars—amount, to whom paid, and, for what purpose. In other words the natural reading of this section requires the report to be itemized: first, as to amount paid; second, to whom paid; third, for what purpose.

In construing this statute before its amendment, as to what constitutes a "detailed report," Judge Bradbury, in *State, ex rel,* v. *Commissioners,* 56 Ohio St., p. 646, uses this pregnant language:

"It is, of course, within the power of the General Assembly to require such minuteness as this in the report made by the commissioners, but unless the language chosen by that body imperatively demands such construction, the section should not, in our opinion, be so construed."

Judge Newby, in construction of this feature of the section in Fayette county, held the same view, for he says:

"I do not think this contention well founded, provided the aggregate amount was paid for a single purpose, for the statute goes no farther than to require that the name of the person receiving the money, the amount paid, and the purpose for which paid be stated, and does not require the dates and amounts of several payments to one person for a single purpose to be given, but permits the several payments to be stated in the aggregate, because by such a statement, the public are advised as to the amount paid, the name of the person to whom paid, and the purpose for which paid, and the detail contended for is not necessary to serve any purpose of the statute."

Attached to the commissioners' report is the turnpike directors' report of receipts and expenses made in conformity to Section 4898.

We all agree that the latter section governs the preparation of such turnpike directors' report, and that the particularity of statement required by Section 917, Revised Statutes, does not apply thereto. This section was not amended, as was Section 917, and the construction adopted by the Supreme Court in *State, ex rel,* v. *Commissioners,* 56 Ohio St., 631, applies thereto.

Finding that there has been a substantial compliance with the statutes, the demurrer to the fourth defense will be overruled, the prayer for a peremptory writ of mandamus refused, and the petition dismissed.

WALTERS, J.

I differ from my associates as to the construction or, rather, meaning of the language employed in Section 917, as amended.

It seems to me the added words placed in this section by the amendment need no construction; that when it says the commissioners shall make a detailed report of their financial transactions "itemized as to amount," there is excluded by this language from the report any lump sum, which has contained therein several items. That the amount shall be itemized— "itemized as to amount." If this is not what these words mean, then the statute has not been changed at all from its former language before amendment, and a detailed report as provided in the old statute is all that is necessary now; but if that detailed report is to be "itemized as to amount," it excludes from the report any amount as a lump sum, which contains more than one item.

The Legislature can provide that all these items shall be set out, as the Supreme Court in 56 Ohio St., say, but unless it does so in such clear and unmistakable language, that a court, without judicially legislating, find and decide that it does mean such detail and itemizing, it will not so construe it; but if the language employed is so clear and plain that it needs no construction, and means what the words clearly interpret, this effect should be given to such language.